**H.B., by and through his Guardian Ad Litem P.B.; et al., Plaintiffs– Appellees,**

v.

**LAS VIRGENES UNIFIED SCHOOL DISTRICT, Defendant–Appellant.**

No. 05–56486.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2007.

Filed July 3, 2007.

ed by 9th Cir. R. 36–3.

George D. Crook, Newman, Aaronson & Vanaman, Sherman Oaks, CA, for Plaintiffs–Appellees.

Howard J. Fulfrost, Esq., Lozono Smith, Christopher H. Knauf, Esq., Santa Monica, CA, Charles L. Weatherly, Esq., The Weatherly Law Firm, LLP, Atlanta, GA, for Defendant–Appellant.

Before: D.W. NELSON, REINHARDT, and RYMER, Circuit Judges.

## MEMORANDUM [*]

Las Virgenes Unified School District ("School District") timely appeals the district court's order regarding procedural compliance with the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 *et seq.* The district court held that the School District violated the IDEA by predetermining the student plaintiff's placement. The School District argues that the district court did not have subject matter jurisdiction to consider the issue of predetermination, and alternatively, that the placement was not predetermined. We find that the issue of predetermination is properly before the court but remand for further factual proceedings regarding the merits of the claim.

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## I

■ The School District argues for the first time on appeal that the district court lacked subject matter jurisdiction over the predetermination claim because plaintiffs failed to exhaust the issue administratively. Generally, a plaintiff alleging violation of the IDEA must exhaust administrative remedies before pursuing the claim in federal court. *See Robb v. Bethel Sch. Dist. # 403,* 308 F.3d 1047, 1050 (9th Cir.2002). We have held that this exhaustion requirement is jurisdictional. *Id.* Recent Supreme Court decisions raise questions about the extent of this rule and its continuing vitality. *See, e.g., Jones v. Bock,* — U.S. ——, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007) (holding that in the context of PLRA claims, failure to exhaust is an affirmative defense rather than a pleading requirement); *Sims v. Apfel,* 530 U.S. 103, 107–11, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000) (distinguishing issue exhaustion from exhaustion of administrative remedies and holding that Social Security claimants are not required to exhaust issues administratively). We need not resolve these questions in the present case, however, because the issue of predetermination was before the hearing officer. Thus, the district court had subject matter jurisdiction over the issue.

In the underlying administrative decision, the Hearing Officer refused to evaluate predetermination on the ground that plaintiffs had failed to identify it as an issue in their preliminary statement of issues or at the beginning of the hearing. However, both sides questioned witnesses about predetermination and both argued the issue in their closing briefs. This gave the Hearing Officer a clear opportunity to consider predetermination and therefore adequately raised the issue. *See Whittaker Corp. v. Execuair Corp.,* 953 F.2d 510, 515 (9th Cir.1992) (noting, in the analogous context of issues allegedly raised for the first time on appeal, that the relevant standard is whether "the argument [was] raised sufficiently for the trial court to rule on it.").

## II

On the merits, the School District argues that the district court misinterpreted the standard for predetermination and erred in concluding that the School District violated the IDEA by determining the student plaintiff's placement prior to his Individualized Education Plan ("IEP") meeting. We conclude that the district court stated the correct standard for predetermination but failed to make factual findings necessary to a decision with respect to this issue.

The district court correctly stated that predetermination occurs when an educational agency has made its determination prior to the IEP meeting, including when it presents one placement option at the meeting and is unwilling to consider other alternatives. In such case, regardless of the discussions that may occur at the meeting, the School District's actions would violate the IDEA's procedural requirement that parents have the opportunity "to participate in meetings with respect to the identification, evaluation, and educational placement of the child." 20 U.S.C. § 1415(b)(1). *See also* 34 C.F.R. § 300.501(c)(1) ("Each public agency must ensure that a parent of each child with a disability is a member of any group that makes decisions on the educational placement of the parent's child."). Our cases emphasize that parents must be invited to attend IEP meetings and must have the opportunity for *meaningful* participation in the formulation of IEPs. *See Shapiro v. Paradise Valley Unified Sch. District No. 69,* 317 F.3d 1072, 1078 (9th Cir.2003) ("The Act imposes upon the school district

the duty to conduct a meaningful meeting with the appropriate parties.") (quoting *W.G. v. Board of Trustees of Target Range Sch. Dist. No. 23, Missoula, Mont.,* 960 F.2d 1479, 1483 (9th Cir.1992)). Thus, "[a] school district violates IDEA procedures if it independently develops an IEP, without meaningful parental participation, and then simply presents the IEP to the parent for ratification." *Ms. S. ex rel. G. v. Vashon Island School Dist.,* 337 F.3d 1115, 1131 (9th Cir.2003).

■ The district court found that the School District determined, prior to the IEP meeting, that the student plaintiff would be moved from his private school to a public school classroom for children with autism. It pointed to evidence that the School District had a longstanding plan to return him to a public school placement. It also noted that at the IEP meeting, the School District assumed that the student would be placed in a public school program, stated that the meeting participants would discuss a transition plan, and did not discuss alternatives to the district's proposed placements. This establishes that the School District desired that the student return to a public school and believed that its proposed placement was appropriate. It does not, however, necessarily establish that the School District was unwilling to consider other placements.

The plaintiff parents did not suggest alternative placements at the IEP meeting, and it is therefore difficult to determine on this record whether the School District would have considered such placements had they been raised. The district court noted that the School District was well aware of the parents' preference that their son stay at his private school and concluded that it would have been futile for them to voice this preference. However, the district court failed to make specific factual findings regarding the School Dis-

trict's intent or state of mind prior to and during the IEP meeting. Without the benefit of such factual findings by the district court on this issue, we are unable to review its predetermination holding on appeal.

Motivation, intent, and state of mind are factual questions that benefit from rigorous examination and analysis by the finder-of-fact. As the district court noted, the hearing officer made no findings on this particular issue. Accordingly, we remand to the district court so that it may conduct an evidentiary hearing and determine on that basis whether the School District was, in fact, willing to consider alternative placements in light of any difficulties or problems that might exist, or that the parents might point out, even though it believed that its proposed placement provided the plaintiff student with a free appropriate public education. Although an educational agency is not required to accede to parents' desired placement, it must maintain an open mind about placement decisions and be willing to consider a placement proposed by the parents, as well as its own proposed placement. The district court may also wish to consider entertaining testimony from the parents and their representatives as to whether they sought to participate meaningfully in the IEP meeting and, if not, whether they had a valid reason for failing to do so. In making its ultimate decision, the district court may take this information into account as well.

If, on remand, the district court determines that the School District was unwilling to consider parental input regarding placement, it shall make findings to that effect. If it reaches a contrary conclusion, it shall consider any other claims regarding procedural and substantive compliance with the IDEA. The district court may conduct such additional proceedings on re-

mand as it deems appropriate or necessary.

**VACATED AND REMANDED.**