FILED

MAR 11 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| H. BERRY, by and through his Guardian Ad Litem Penny Berry; et al., | No. 08-55693 |
| Plaintiffs - Appellees, | D.C. No. 2:04-cv-08572-FMC-SS |
| v. | MEMORANDUM [*] |
| LAS VIRGENES UNIFIED SCHOOL DISTRICT, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

Submitted March 2, 2010
Pasadena, California

Before: RYMER and WARDLAW, Circuit Judges, and KENNELLY, [**] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

The Las Virgenes Unified School District (School District) appeals the district court's determination that it violated the procedural requirements of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.,* by predetermining the placement of an autistic boy, H.B., prior to his individualized education program (IEP) meeting. We previously considered this case and remanded so that the district court could make findings regarding the School District's intent or state of mind prior to and during the IEP meeting. *H.B. v. Las Virgenes Unified Sch. Dist.*, 239 F. App'x 342 (9th Cir. 2007). The court held an evidentiary hearing on remand, and made factual determinations that we review for clear error. *See Ash v. Lake Oswego Sch. Dist.*, 980 F.2d 585, 588 (9th Cir. 1992). Seeing none, we affirm.

Based on testimony from School District representatives and the child's mother at the evidentiary hearing as well as the entire record, the district court found that the decision to transfer H.B. from his private placement to the district had been made before the meeting was held. It specifically found district representatives' testimony about being open to considering alternative placements incredible, and found credible the mother's testimony that her minimal participation was due to futility. These findings are not clearly erroneous. Applying the legal standard endorsed in our prior disposition, the district court concluded that H.B.'s placement was predetermined. This being so, the procedural

requirements of the IDEA were violated, and the hearing officer's decision was properly reversed.

AFFIRMED.